Submitted on record and brief July 2, order vacated; case remanded for further
proceedings September 15, 1999

STATE OF OREGON,
*Appellant,*

*v.*

JACQLYN ELIZABETH JACKSON,
*Respondent.*

(98CR0340MA; CA A103825)

986 P2d 668

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, filed the brief for appellant.

No appearance for respondent.

Before Linder, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LINDER, P. J.

## LINDER, P. J.

The state appeals a pretrial order suppressing evidence of defendant's unlawful possession of controlled substances and a weapon. We vacate the order of suppression and remand for further proceedings.

During night surveillance of a known drug dealer's residence, officers observed defendant drive her truck up to the residence, stop, get out, and have contact with a male in front of the house. One officer observed the activity through night-vision goggles. He concluded, based on defendant's and the male's physical movements and contacts, that the two had engaged in a hand-to-hand narcotics delivery transaction. Defendant then got in her truck and drove off. The officers stopped her shortly afterward, searched her and the truck, and arrested her. They found and seized methamphetamine and a loaded handgun.

The trial court held a hearing on the motion to suppress. One of the arresting officers testified, as did defendant. At the conclusion of the hearing, the trial court made no findings or conclusions and did not resolve the motion. Instead, the trial court took the matter under advisement, asked the parties for post-hearing legal memoranda on the issues raised at the hearing, and informed the parties that it would resolve the motion before the trial date. The trial court later issued a written order granting the motion to suppress. In that written order, the trial court declared that it was suppressing the evidence based on findings of facts and conclusions of law that it had made "on the record" and that the trial court was "incorporating" into its order of suppression.

On appeal, the state contends that the trial court's suppression order was error. We conclude, however, that the case should be remanded without resolving the merits of the state's challenge. The trial court's order specifically declares that the trial court made factual findings and legal conclusions that the trial court believed were a matter of record and that it intended to be incorporated into its order suppressing the evidence. In fact, the trial court's findings and conclusions are not in the record and are not available to us on review. Rather than review the trial court's ruling on the

basis of a record that is less complete than the trial court intended, we vacate the order and remand for further proceedings.

Order vacated; case remanded for further proceedings.